71 N.W.2d 449 (1955)
Blanche L. DuBOIS, Plaintiff and Respondent,
v.
Edgar E. DuBOIS, Defendant and Appellant.
No. 9510.
Supreme Court of South Dakota.
July 9, 1955.
Temmey & Luby, Huron, for plaintiff and respondent.
Royhl, Benson & Beach, Huron, for defendant and appellant.
SICKEL, Judge.
Blanche L. DuBois, plaintiff, brought this action against Edgar E. DuBois, her husband, for divorce, and with her summons and complaint served upon defendant a motion for temporary alimony. The motion was heard on October 1, 1954, after which the court entered an order directing that defendant pay to plaintiff the sum of $1,100 in cash and that he turn over to plaintiff the $100 Bond which said defendant concedes belongs to the plaintiff. The appeal is from the above provision of the order.
Appellant contends: (1) That the order amounts to a partial property settlement or division of property, made while the action was pending and before trial, and that such order is not authorized by statute. (2) That the matter of division of property was not presented to the circuit court by the motion.
It is generally held that the authority of the court to transfer property from one spouse to another in a divorce action is purely statutory and that in the absence of such statutory authority the court has no power in such proceedings to deal with the property rights of the spouses. 27 C.J.S., Divorce, § 291.
SDC 14.0725 authorizes the court to order payment of temporary alimony in divorce actions. Under that statute alimony *450 is "any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action".
This order expressly provides: "* * * that no support, attorneys' fees or suit money be awarded plaintiff * *". Therefore, the payments directed by the order were not intended as temporary alimony under the above statute.
Permanent alimony and division of property are authorized by SDC 14.0726. The part relating to division of property provides: "* * * Where a divorce is granted for an offense of either husband or wife, the courts shall in such action have full power to make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife. * * *" The above language makes it clear that the power of the court to make a division of property in a divorce action is dependent upon the granting of a divorce to one spouse or the other.
Respondent denies that the order amounts to a division of property between the parties and claims that the $1,100 invested in the home and the bond were and remained plaintiff's separate property; that the order merely returns them to her possession.
It appears from the pleadings, affidavits and the order of the circuit court that the home in Hitchcock was purchased with contributions made by both parties after their marriage. The legal title to the home is in plaintiff. This home, and likewise the Savings Bond, represents property rights between husband and wife which can only be adjudicated in a decree of divorce or separate maintenance. Fresby v. Fresby, 238 Mich. 587, 214 N.W. 203. The action has not been tried, no divorce has been granted and, therefore, the court was without authority to enter the order from which the appeal is taken.
The order is reversed, and no costs are to be taxed.
All the Judges concur.